George Haines, Esq.
New Jersey Bar No. 032111999
ghaines@hainesandkrieger.com
David Krieger, Esq.
New Jersey Bar No. 009422002
dkrieger@hainesandkrieger.com
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518

Joshua W. Denbeaux, Esq.
New Jersey Bar No. # 013871996
jdenbeaux@denbeauxlaw.com
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, NJ  07675

Attorneys for Plaintiff, JOHN SCHIBELLI

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN SCHIBELLI<br>540 MAIN ROAD<br>TOWACO, NJ 07082,<br><br>Plaintiff,<br><br>vs.<br><br>CENLAR FSB<br>425 PHILLIPS BLVD,<br>EWING TOWNSHIP, NJ 08618,<br><br>Defendant | Case No.:<br><br>COMPLAINT AND JURY DEMAND |

JOHN SCHIBELLI, of full age, hereby Complains as follows:

COMPLAINT AND JURY DEMAND - 1

# JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt, and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's state law claims as well as the "Entire Controversy" Doctrine.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of New Jersey, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

# PARTIES

5. Plaintiff JOHN SCHIBELLI ("Plaintiff" or "Mr. Schibelli"), is an

adult individual and New Jersey resident, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and a "person" as defined by 47 U.S.C. § 153 (39).

6. Defendant CENLAR FSB ("Cenlar"), is doing business in the State of New Jersey as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). Cenlar is also, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

## FACTS

7. Plaintiff is the owner of the real property located at 540 Main Road, Towaco, NJ, 07082 (the "Property").

8. The Property is secured by a note and deed of trust (together, the "Loan"). The Loan is currently serviced by Cenlar.

9. In November 2018, Plaintiff and Cenlar's predecessor, FBC MORTGAGE LLC ("FBC") agreed to a modification of the Loan terms.

10. However, FBC failed to honor the terms of the loan modification, instead putting the property into default and proceeding with a foreclosure action on the Property, Case F-2807-17 ("Foreclosure Action").

11. On January 24, 2019, Plaintiff's attorney in the Foreclosure Action notified FBC's attorney that Plaintiff was represented by counsel.

COMPLAINT AND JURY DEMAND - 3

12. On February 1, 2019, Cenlar became servicer of the Loan. Upon information and belief, Cenlar believed the loan was in default at the time it obtained servicing rights, and was a "default servicer" of the Loan.

13. As such, Cenlar at all times herein was acting as a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

14. Since it became servicer of the Loan, Cenlar has persisted in contacting Plaintiff, leaving over sixty (60) prerecorded messages and voicemails on Plaintiff's cellular telephone in attempting to collect on the Debt.

15. Plaintiff has, on multiple occasions, directly and unambiguously instructed Cenlar to cease ("Stop!") contacting him in its attempts to collect on the Loan and to direct any communications to his counsel in the Foreclosure Action. However, these requests have fallen on deaf ears.

16. Prior to filing the instant complaint, Plaintiff received numerous calls from Cenlar from (at least) the following phone numbers: 609-718-2432; 877-832-7477.

17. Upon information and belief, Cenlar employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

18. In the calls Plaintiff did answer, there would be a short pause lasting about two to three seconds between the time the calls were answered and the time that a live agent introduced themselves as a representative from Cenlar.

19. Other calls were left as voicemessages and contained prerecorded or artificial voices.

20. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Plaintiff answered, Cenlar used a predictive dialing system to place calls to Plaintiff.

21. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."[1]

---

[1] *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *but see, e.g.*, Johnson v. Yahoo!, Inc., 346 F. Supp. 3d 1159 (N.D. Ill. 2018) (must have capacity to generate random or sequential numbers to be dialed); Roark v. Credit One Bank, 2018 WL 5921652 (D. Minn. Nov. 13, 2018) (predictive dialer is not an ATDS unless it has present capacity to generate numbers to dial either randomly or sequentially). *See also* Richardson v. Verde Energy USA, Inc., 2018 WL 6622996 (E.D. Pa. Dec. 17, 2018) (indicating inclination to agree with Ninth Circuit's *Marks* decision but concluding that a Third Circuit decision is contrary and binding; ATDS must have present capacity to generate numbers using a random or sequential number generator and then call those numbers). *Cf.* Asher v. Quicken Loans, Inc., 2019 WL 131854 (D. Utah Jan. 8, 2019) (assuming—without discussion—that device must have the present capacity to generate and dial random or sequential numbers).

COMPLAINT AND JURY DEMAND - 5

22. Predictive dialing systems are a form of an automatic telephone dialing system.

23. Upon information and belief, the predictive dialing system employed by Cenlar transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

24. Cenlar or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "2323" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. On or about January 26, 2019, Plaintiff instructed Cenlar or its agent(s) to not call Plaintiff's cell phone ever again, thereby revoking consent, if any ever existed, to be contacted by Cenlar via an ATDS.

26. Moreover, Cenlar did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

27. However, Cenlar continued to place calls to Plaintiff's cellular telephone, without consent, using an ATDS in violation of the TCPA.

28. Cenlar's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. The telephone number Cenlar contacted Plaintiff at was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

COMPLAINT AND JURY DEMAND - 6

30. Cenlar's calls to Plaintiff's cellular telephone were not for "emergency purposes."

31. Pursuant to the TCPA, the burden is on Cenlar to demonstrate it had prior express consent to call Plaintiff's cellular phone with an ATDS.

32. Plaintiff suffered actual harm and loss, since the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Cenlar's unwanted phone calls to Plaintiff's cell phone.

33. Plaintiff also suffered from an invasion of a legally protected interest when Cenlar placed calls to Plaintiff's personal phone line when Cenlar had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

34. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

35. "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *See, e.g.*, *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 at *7 (3d Cir. 2016) (unlawful

COMPLAINT AND JURY DEMAND - 7

disclosure of legally protected information meets *Spokeo* definition of concreteness; "Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private"). *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

36. Plaintiff was also personally affected, since Plaintiff felt his privacy had been invaded when Cenlar placed calls to Plaintiff's phone line without consent to do so.

37. The injury suffered by Plaintiff is concrete because Cenlar's violations caused Plaintiff to suffer an invasion of privacy.

38. Plaintiff now commences this litigation in the United States District Court, District of New Jersey, for all claims, federal and state, against the culpable defendants referenced above.

**Count I**:

Violations of the Fair Debt Collection Practices Act
15 U.S.C. § 1692 *et seq.*

39. As discussed above, Plaintiff allegedly incurred a financial obligation.

40. The Loan arose from services provided by FBC, and subsequently Cenlar, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

41. The Loan was purchased, assigned or transferred to Cenlar for collection.

42. Cenlar (as discussed above) attempted to collect the Loan and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

43. Plaintiff has suffered and continues to suffer actual damages as a result of Cenlar's unlawful conduct.

44. As a direct consequence of Cenlar's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

45. Cenlar's conduct violated 15 U.S.C. § 1692c(a)(2) in that Cenlar contacted Plaintiff after it knew Plaintiff was represented by an attorney.

46. Cenlar's conduct violated 15 U.S.C. § 1692c(c) in that Cenlar engaged in communication with Plaintiff after Plaintiff requested Cenlar cease communication with him.

47. Cenlar's conduct violated 15 U.S.C. § 1692d in that Cenlar engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

48. Cenlar's conduct violated 15 U.S.C. § 1692d(5) in that Cenlar caused Plaintiff's phone to ring repeatedly or engaged Plaintiff in repeated conversations in connection with the collection of a debt.

COMPLAINT AND JURY DEMAND - 9

49. The foregoing acts and omissions of Cenlar constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

50. Plaintiff is entitled to damages as a result of Cenlar's violations.

51. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## Count II:

<u>Negligent Violations of the Telephone Consumer Protection Act</u>
47 U.S.C. § 227, *et seq.*

52. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. Cenlar negligently placed multiple automated calls to a cellular number belonging to Plaintiff without Plaintiff's prior express consent.

54. Each of the aforementioned calls by Cenlar constitutes a negligent violation of the TCPA.

55. As a result of Cenlar's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting

COMPLAINT AND JURY DEMAND - 10

such conduct by Cenlar in the future.

## Count III:

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227, *et seq.*

57. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

58. Cenlar knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

59. Each of the aforementioned calls by Cenlar constitutes a knowing and/or willful violation of the TCPA.

60. As a result of Cenlar's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Cenlar in the future.

WHEREFORE, Plaintiff demands the following:

1. injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. statutory damages of $500.00 for each and every call in violation of the

COMPLAINT AND JURY DEMAND - 11

TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

5. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6. punitive damages;

7. an award of attorney's fees and costs to counsel for Plaintiff; and

8. such other relief as the Court deems just and proper.

Dated: June 12, 2019

Haines & Krieger, LLC

s/ David Krieger, Esq.
David Krieger, Esq.
New Jersey Bar No. 009422002
George Haines, Esq.
New Jersey Bar No. 032111999
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

Denbeaux & Denbeaux

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>s/ Joshua W. Denbeaux, Esq.</u>
Joshua W. Denbeaux, Esq.
New Jersey Bar No. # 013871996
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, NJ  07675

Attorneys for Plaintiff,
*JOHN SCHIBELLI*

COMPLAINT AND JURY DEMAND - 13